UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| IN RE: TONYA CHARESE BULL, | { CHAPTER 13 |
| | { |
| | { CASE NO. A25-57533-SMS |
| DEBTOR | { |
| | { JUDGE SAGE M. SIGLER |

### CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION, MOTION TO DISMISS CASE WITH PREJUDICE AND NOTICE OF HEARING

COMES NOW, K. Edward Safir, Chapter 13 Trustee herein, and files herewith his Objection to Confirmation and Motion to Dismiss Case with Prejudice, and as grounds shows the Court as follows:

**PLEASE TAKE NOTICE THAT A DISMISSAL OF THIS CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. SECTION 109(g) WILL MEAN THAT THE DEBTOR WILL NOT BE PERMITTED TO FILE ANOTHER CASE UNDER CHAPTER 13 FOR A PERIOD OF 180 DAYS FOLLOWING THE DATE UPON WHICH THIS CASE IS DISMISSED.**

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

1

## **OBJECTION TO CONFIRMATION**

1. The Debtor's Plan does not comply with the provisions of the Bankruptcy Code in that:

a) The Debtor's Chapter 13 Plan payments are delinquent in violation of 11 U.S.C. Section 1326.

b) The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. § 1322(d).

c) Pursuant to information received from the Internal Revenue Service, 2020 tax returns have not been filed, in violation of 11 U.S.C. §§ 1308(a) and 1325(a)(9).

d) The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition or to be paid in the plan, or both, in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017. Specifically, the amount to be paid if the case is converted or dismissed is inconsistent.

e) The Debtor filed a Chapter 7 case and received a discharge within the past four (4) years. Thus, the Debtor is not eligible to receive a discharge in this case. The Trustee requests that the Debtor file an affidavit or unsworn declaration which affirms the Debtor understands the ramifications of not receiving a discharge in this case, including but not limited to the possibility that interest on some debts may continue to accrue and that secured creditors may not be required to release their liens upon completion of the Chapter 13 Plan.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

f)  Schedule I (Income) may fail to accurately reflect new employment since original Schedules filed.  11 U.S.C. § 1325.

g)  Debtor's Schedule I reflects a contribution from the Debtor's brother of $600.00 per month. The Trustee requests documentation regarding this contribution. If the contribution is from rental income, the Trustee requests documentation such as a copy of the written lease. 11 U.S.C. § 1325(a)(6).

h)  Pursuant to information received at the meeting of creditors, 2021 tax returns have not been filed, in violation of 11 U.S.C. §§ 1308(a) and 1325(a)(9).

i)  Schedule A/B fails to accurately reflect the fair market value of and/or debt load on the Debtor's real property.  Specifically, the fair market value is $245,000.00.

j)  The funding of post-petition mortgage payments has not been maintained in the above-styled Chapter 13 case possibly indicating that the present budget and proposed Plan are infeasible, 11 U.S.C. § 1325(a)(6).

k)  The Chapter 13 plan proposes to fund a debt owed to Homes Motor, direct, in violation of 11 U.S.C. Section 1322(a)(3) and 11 U.S.C. Section 1325(a)(3).

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

l)  The Debtor has filed six (6) previous bankruptcy cases to-wit: first case 18-61852-SMS filed July 17, 2018, dismissed August 5, 2019; second case 19-62241-SMS filed August 5, 2019, dismissed January 10, 2020; third case 20-62552-SMS filed February 11, 2020, dismissed October 7, 2021; fourth case 21-57647-SMS filed October 12, 2021, discharged April 15, 2022; fifth case 22-52984-SMS filed April 18, 2022, dismissed August 5, 2022; and sixth case 25-51866-SMS filed February 21, 2025, dismissed May 13, 2025.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

## **MOTION TO DISMISS CASE WITH PREJUDICE**

1. The Debtor's Chapter 13 Plan payments are delinquent in violation of 11 U.S.C. 1326. The failure to make payments and failure to contact the Chapter 13 Trustee or the Court with any reason why the payments have not been paid constitutes willful failure to come before the Court in proper prosecution in violation of 11 U.S.C. 109(g) and warrants a dismissal with prejudice. This behavior indicates that the Debtor filed a case that is not feasible thus the Debtor is unable to make a plan payment in violation of 11 U.S.C. 1325(a)(6) or the Debtor has the ability to make the payments and the failure to do so shows a deliberate act of bad faith.

2. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. § 1322(d).

3. Pursuant to information received from the Internal Revenue Service, 2020 tax returns have not been filed, in violation of 11 U.S.C. §§ 1308(a) and 1325(a)(9).

4. The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition or to be paid in the plan, or both, in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017. Specifically, the amount to be paid if the case is converted or dismissed is inconsistent.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

5. The Debtor filed a Chapter 7 case and received a discharge within the past four (4) years. Thus, the Debtor is not eligible to receive a discharge in this case. The Trustee requests that the Debtor file an affidavit or unsworn declaration which affirms the Debtor understands the ramifications of not receiving a discharge in this case, including but not limited to the possibility that interest on some debts may continue to accrue and that secured creditors may not be required to release their liens upon completion of the Chapter 13 Plan.

6. Schedule I (Income) may fail to accurately reflect new employment since original Schedules filed. 11 U.S.C. § 1325.

7. Debtor's Schedule I reflects a contribution from the Debtor's brother of $600.00 per month. The Trustee requests documentation regarding this contribution. If the contribution is from rental income, the Trustee requests documentation such as a copy of the written lease. 11 U.S.C. § 1325(a)(6).

8. Pursuant to information received at the meeting of creditors, 2021 tax returns have not been filed, in violation of 11 U.S.C. §§ 1308(a) and 1325(a)(9).

9. Schedule A/B fails to accurately reflect the fair market value of and/or debt load on the Debtor's real property. Specifically, the fair market value is $245,000.00.

10. The funding of post-petition mortgage payments has not been maintained in the above-styled Chapter 13 case possibly indicating that the present budget and proposed Plan are infeasible, 11 U.S.C. § 1325(a)(6).

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

11. The Chapter 13 plan proposes to fund a debt owed to Homes Motor, direct, in violation of 11 U.S.C. Section 1322(a)(3) and 11 U.S.C. Section 1325(a)(3).

12. The Debtor has filed six (6) recent Chapter 13 cases, each of which was dismissed by the Court. Said cases are as follows:

a) Debtor's first case 18-61852-SMS filed July 17, 2018, dismissed August 5, 2019;

b) Debtor's second case 19-62241-SMS filed August 5, 2019, dismissed January 10, 2020;

c) Debtor's third case 20-62552-SMS filed February 11, 2020, dismissed October 7, 2021;

d) Debtor's fourth case 21-57647-SMS filed October 12, 2021, discharged April 15, 2022;

e) Debtor's fifth case 22-52984-SMS filed April 18, 2022, dismissed August 5, 2022; and

f) Debtor's sixth case 25-51866-SMS filed February 21, 2025, dismissed May 13, 2025.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

The Debtor's conduct in this and the previous cases demonstrates that the Debtor has filed this case without any intention of properly prosecuting this case and has failed to appear before the Court in proper prosecution of this case within the meaning of 11 U.S.C. Section 109(g).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case pursuant to 11 U.S.C. Section 105(a) and Section 109(g), thereby rendering the Debtor ineligible from re-filing another Chapter 13 case for one hundred eighty (180) days; or in the alternative, convert this case to one under Chapter 7.

Respectfully submitted:
_____/s/_____
Brandi L. Kirkland, Attorney
for Chapter 13 Trustee
GA. Bar No. 423627

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| IN RE: TONYA CHARESE BULL, | { CHAPTER 13 |
| | { |
| | { CASE NO. A25-57533-SMS |
| DEBTOR | { |
| | { JUDGE SAGE M. SIGLER |

### NOTICE OF HEARING ON TRUSTEE'S MOTION TO DISMISS

**PLEASE TAKE NOTICE** that *the Chapter 13 Trustee* has filed a *Motion to Dismiss* and related papers with the Court seeking an Order *dismissing this case with prejudice.*

**PLEASE TAKE FURTHER NOTICE** that the Court will hold an initial hearing on the **Motion to Dismiss** at **9:30 A. M**. on **September 16, 2025** in **Courtroom 1201,** United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleadings with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Respectfully submitted:
_____/s/_____
Brandi L. Kirkland, Attorney
for Chapter 13 Trustee
GA. Bar No. 423627

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

A25-57533-SMS

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing pleading using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

LAW OFFICES OF STANLEY J. KAKOL, JR.

I further certify that on this day I caused a copy of this document to be served via first-class United States mail, postage prepaid, on the following parties at the address shown for each:

TONYA CHARESE BULL

980 EAGLES PARK LANDING

SUITE 765

STOCKBRIDGE, GA 30281

This 27th day of August, 2025

　　　　　　　/s/
Brandi L. Kirkland, Attorney
for Chapter 13 Trustee
GA Bar No. 423627

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com